UNITED STATES of America

v.

**Al PALMIERI.**

**No. 85 Cr. 640 (SWK).**

United States District Court,
S.D. New York.

Dec. 3, 1985.

**406**

Rudolph Giuliani, U.S. Atty., for S.D. N.Y. by Henry Pitman, Asst. U.S. Atty., New York City, for U.S.

Jeffrey Hoffman, Hoffman, Pollok & Gusthalter, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

On the morning of November 21, 1984, as the Court was about to select a jury in the above-captioned matter, William Marinelli, a prospective government witness, walked into the courtroom and told Assistant United States Attorney Henry Pitman that if anyone seated in the courtroom was the defendant, Marinelli could not identify him.[1]  Defendant Al Palmieri was seated in the courtroom at the time.

The United States Attorney notified the Court, and sought permission to introduce Marinelli's pretrial photograph identification of Palmieri.  The defendant objected, claiming that the circumstances surrounding the photo identification were so suggestive that introduction of this identification evidence would violate his right to due process of law guaranteed by the Fifth Amendment to the United States Constitution.  The following constitutes the Court's findings of fact and conclusions of law.[2]

On December 11, 1984, William Marinelli, acting as an informant for the King's County District Attorney's ("DA's") office, arranged, by telephone, a meeting with Joseph Prelli at which Marinelli would purchase false credit cards.[3]  Marinelli and a detective from the DA's office, Raymond Ruggiero, met with Prelli at the Mulberry Bush Restaurant on Mulberry Street in Manhattan at 3:00 p.m., on what Marinelli testified was a sunny day.  Marinelli and Prelli then went outside and Marinelli asked Prelli if Prelli could supply him with phony credit cards.  Prelli said he could.

1.  Marinelli, a government informant, is apparently the only government witness who can identify Palmieri as the person who allegedly transmitted a bag of counterfeit credit cards.

Marinelli's presence in the courtroom remains unexplained.  Although the Court is very skeptical about his claim that he cannot identify Palmieri, Marinelli's credibility on this issue is not relevant to the Court's analysis of the reliability of his photo identification and the suggestiveness of the identification proceeding.  Marinelli's testimony regarding his encounter with Palmieri is generally credible, based on the Court's observation of his demeanor and the similarity of his testimony on cross-examination and direct.  Marinelli's testimony about the identification proceeding is generally credible, as it is corroborated in large part by the testimony of Detective McCabe.

2.  The Court held a hearing during which it heard testimony from five witnesses and received two exhibits.  The Court's findings of fact are based on the evidence adduced at the hearing, as the Court's assessment of the witness' credibility, and its resolution of inconsistencies in the testimony.  The Court also requested the parties to brief the issue, and they did.

3.  Marinelli agreed to be an informant in return for the District Attorney's agreement not to prosecute him for charges of buying merchandise with false credit cards that had been filed against him.  In his first four months as an informant, Marinelli received $300.00 a week and a car.  In the next two to three months, Marinelli received $150.00 a week and $500.00 a month for rent.  Marinelli testified he received a total of $13,000.00 from the DA.

Prelli and Marinelli then entered Marinelli's car, and Marinelli drove to 166 Mulbery Street. Prelli exited the car, went into the building, came back, and told Marinelli to wait as another person would be coming down soon. Before the person arrived, Prelli told Marinelli that Baby John DeLutro was asleep and his uncle would be coming down.

According to Marinelli's testimony, a man then came out of the building and got into the back seat of the car. Prelli introduced him to Marinelli as Al, and Marinelli, who was seated in the driver's seat, turned around and shook Al's hand. The exchange took only a few seconds. Marinelli then drove a few blocks, which took a few minutes, and dropped Al off. Marinelli did not see Al as Al exited the car. Marinelli and Prelli then drove off, and returned to pick up Al ten minutes later. According to Marinelli's testimony, Al entered the back seat on the passenger's side and they drove off. All the while Marinelli was driving and looking forward. The three then returned to 166 Mulberry Street where Al exited the car. Sometime during the trip, Marinelli learned that Al had recently been arrested on drug charges. Prelli and Marinelli then returned by car to the Mulberry Bush Restaurant.

Marinelli and Ruggiero returned to the DA's office approximately two hours later. Marinelli was brought to see Detective Kenneth McCabe in the squad room. McCabe was seated at a desk and Marinelli sat down on a chair on the other side of the desk. Marinelli told McCabe that he had just met with Prelli and a man named Al. Marinelli stated that Al had gray hair, that he had been described to Marinelli as Baby John DeLutro's uncle, and that Al had recently been arrested on a narcotics charge. This is the sum total of the description Marinelli gave to McCabe. McCabe had the complaint in the DeLutro case in his desk. He took it out of a drawer and looked for the name "Albert" on the caption. McCabe found it next to the surname Palmieri. With Marinelli by his side McCabe then went to a file cabinet in the room, retrieved a file from a drawer marked "Al Palmieri", and opened the file to Palmieri's photo. Marinelli testified on cross-examination that McCabe then told him that this is a picture of Al Palmieri whom McCabe knew as Baby John's uncle. Although McCabe denied saying this, the Court credits Marinelli's testimony. Marinelli, who was still standing next to McCabe, snapped his fingers and exclaimed, "that's him". McCabe then closed the folder. The viewing took only a few seconds.

At the hearing, the United States Attorney introduced a photograph that Marinelli stated was the same one he saw on December 11, 1984, at the Brooklyn DA's office. Marinelli also stated that he had previously identified the person in the photograph as the same person who got into his car on December 11, 1984, but is not sure now whether the person in the photograph is the person who was in his car. The photograph has the name Al Palmieri written on the back. Marinelli did not see the name at the time of the identification, but did see the name when testifying at the hearing. Marinelli also testified that he did not recognize the person sitting at the defendant's table in court, who was in fact, Al Palmieri, as the person whom he met on December 11, 1984.

Based on the foregoing, the Court finds that the photograph in question is of the defendant, Al Palmieri, that the photograph in question is the same one previously shown to Marinelli, that Marinelli previously identified the person in the photograph as the same Al who got into his car on December 11, 1984, but can no longer do so, and that Marinelli cannot identify defendant Albert Palmieri as the person who got into his car carrying the credit cards.

The question before the Court is whether Marinelli's identification of Palmieri's photograph as depicting the same person who got into the car on December 11, 1984 is sufficiently reliable to be introduced as evidence at trial.

■ In *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the

Supreme Court articulated five factors to be applied in assessing the reliability of identification testimony. These are:

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation.

*Manson*, 432 U.S. at 114, 97 S.Ct. at 2253.[4]

Along with these factors is to be weighed the corrupting influence of a suggestive identification. The Court thus will assess these factors and weigh them along with the suggestiveness, if any, of the identification at issue.

1. The opportunity to view: Marinelli directly observed Al only once, for a few seconds, when Al entered the back door of the car and Marinelli turned around and shook his hand. On four other occasions, Marinelli had a partial view of Al—as Al entered and left the car a total of four times. The government failed to prove that Marinelli saw Palmieri directly on these occasions. Marinelli's testimony shows that he did not speak with Palmieri, did not look at him while driving with him, and shook hands with him only once. Marinelli saw Al at approximately 3:30 p.m. on a sunny day.

2. The degree of attention: Marinelli was not a casual observer. Rather, as a government informant, under heavy pressure to identify criminals, Marinelli knew he would have to describe the people whom he met while purchasing counterfeit credit cards. There is no evidence, however, that Marinelli was specially trained to provide descriptions, although he had been a government informant for a number of months. Furthermore, Marinelli was concentrating on driving his car during virtually the entire time he was with Al, and Al was sitting in the back seat of the car. Based on Marinelli's testimony, he failed to give that degree of attention expected of an informant. For example, he did not view Palmieri through his rear view mirror.

3. The accuracy of the description: Marinelli stated he told McCabe that Al had gray hair. The Court notes that the defendant, Al Palmieri, is almost completely bald. This is the only physical description Marinelli gave of Al. Marinelli did not estimate Al's height, weight, or age, nor did he describe any outstanding physical characteristics.

4. The witness' level of certainty. Marinelli immediately identified the photograph as depicting the person he picked up at 166 Mulberry Street.

5. The time between the crime and the confrontation. The photographic identification was given to McCabe only two hours after Marinelli met Al.

■ Consideration of these five factors indicates that Marinelli's identification was not reliable. Marinelli did not observe Al for more than a few seconds, and even when he did, his degree of attention was not very high, as he was concentrating on

---

**4.** The United States argues that the Court should consider circumstances other than those surrounding the identification which bear on its reliability. The United States points to two statements: one by Joseph Prelli, which indicated that an Albert had mixed the credit cards and a post-arrest statement by Palmieri in which he implied that he knew about the credit cards, as evidence of the reliability of Marinelli's identification. In *Manson*, 423 U.S. at 116, 97 S.Ct. at 2253, the Supreme Court stated that circumstances other than those surrounding the identification played no part in analyzing the reliability of the photo identification. However, the Court indicated that other criteria of reliability in that case did not undermine the reliability of the identification. Here, Palmieri's ar-

resting officer testified that he did not recall Palmieri making any statement regarding credit cards. Only a back-up officer, who at the time was searching Palmieri's apartment, testified that he heard the statement. The record does indicate that Prelli referred to Albert as having mixed the credit cards. An additional circumstance weighs against the reliability of the identification. Marinelli could not identify Palmieri as the person who was in his car. All of this evidence, although it does not play a part in the Court's analysis, actually weighs against the reliability of the identification.

The Court also notes that the Government, in its brief, failed to address the accuracy of the physical description and the degree of attention.

driving. This case is thus distinguishable from *Gonzalez v. Hammock*, 639 F.2d 844, 847 (2d Cir.1980), *cert. den.*, 449 U.S. 1088, 101 S.Ct. 880, 66 L.Ed.2d 815 (1981), where the Court held that a few seconds was a sufficient amount of time for a reliable observation. In *Gonzalez*, the Court found that the identification witness was paying very careful attention and actually observed the defendant for more than a few seconds.

In addition to a limited observation and lack of attentiveness, Marinelli never provided a sufficient physical description of Al. The only description he gave was inaccurate, and his description certainly did not provide the police officers with enough information to enable them to develop a fair array of photographs for the identification. There is thus no independent means to measure the accuracy of the identification. Only the short period of time between the incident and the photo identification of the defendant weighs in favor of reliability.

The absence of a physical description of Al contributed to an unduly suggestive identification procedure. Based only on the information that Al was Baby John DeLutro's uncle and that he had recently been arrested on a drug charge, Detective McCabe showed Marinelli a photograph of Albert Palmieri, telling Marinelli that the photograph was of Al Palmieri, known as Baby John's uncle. McCabe's linkage of the Al whom Marinelli had met with the Albert Palmieri of the drug charges, based only on the information that Al was DeLutro's uncle, was unduly suggestive that Palmieri and Al were the same person. The undue suggestiveness of the photo identification procedure also taints Marinelli's certainty at the time of the identification.

Other factors surrounding the identification suggest a corrupting influence as well. Detective McCabe showed Marinelli only one photograph, Marinelli was under great pressure—as a government informant acting with a cooperation agreement and receiving large sums of money from the government—to identify criminals, and

McCabe was in the room at the time of the identification.

Based on the Court's conclusion that the photograph identification was unreliable and that Detective McCabe created an unduly suggestive photo identification procedure, the Court concludes that there is a very substantial likelihood of irreparable misidentification. Admission of evidence of the photo identification would thus unduly taint the trial and violate the defendant's right to a fair trial as guaranteed by the Due Process Clause of the Fifth Amendment to the Constitution of the United States. Accordingly, it is hereby ORDERED that the government be precluded from introducing any evidence as to the photograph identification by William Marinelli of Albert Palmieri.

SO ORDERED.